IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSANA JONES, ) | |
| ) | Civil Action No. |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| AARON'S, INC., ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, by and through undersigned counsel, and files this her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages for Defendant's violations of the Family and Medical Leave Act of 1993, 29 USC § 2601 *et seq*. ("FMLA") and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq*. ("ADA").

## **JURISDICTION AND VENUE.**

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 29 U.S.C. § 2617(a)(2) and 42 U.S.C. § 12117(a).

1

3.

The unlawful employment practices alleged in this Complaint were committed within this District. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 12117(a), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

Defendant Aaron's, Inc. ("Aaron's" or "Defendant") is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under the FMLA at 29 U.S.C. § 2611(3). At all such times, she was also an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

7.

Defendant is now and, at all times relevant hereto, has been a corporation engaged in commerce or an industry affecting commerce. During all times relevant hereto, Defendant has employed fifty (50) or more employees for the requisite duration under the FMLA. Defendant is therefore covered under the FMLA in accordance with 29 U.S.C. § 2611(4).

8.

At the time of each instance in which Plaintiff took medical leave for treatment of her neck and back problems, as described below, Plaintiff had been employed for more than twelve (12) months by Defendant and had worked for more than 1,250 hours during the preceding 12 month period. At the time of each such instance, Defendant employed more than 50 employees within 75 miles of the Conyers, GA worksite where Plaintiff was employed. Plaintiff was, therefore, an "eligible employee" under the FMLA in accordance with 29 U.S.C. § 2611(2).

9.

Defendant is now and, at all times relevant hereto, has been a corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration

under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

10.

Defendant Aaron's, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent.

## **ADMINISTRATIVE PROCEDURES**

11.

Plaintiff timely filed a charge of discrimination against Defendant Aaron's, Inc. with the Equal Employment Opportunity Commission ("EEOC") on April 22, 2014.

12.

The EEOC issued a "Notice of Right to Sue" on February 12, 2015, entitling an action to be commenced within ninety (90) days of receipt of that notice.

13.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

14.

Plaintiff Rosana Jones was hired by Defendant Aaron's Inc. on or about March 19, 2012, as a Customer Service Representataive.

15.

Plaintiff took approved FMLA leave June 2 to June 19, 2013, for treatment of bulging discs in her neck and back.

16.

When Plaintiff returned to work on June 19, 2013, she was subject to medical restrictions. Specifically, Plaintiff's doctor restricted Plaintiff from standing for prolonged periods of time and from lifting more than 10 pounds.

17.

Plaintiff's continued therapy included lumbar injections and physical therapy. It also required that she take additional FMLA leave from October 7 to October 9, 2013.

18.

Initially, Defendant accommodated Plaintiff's disability by abiding by the medical restrictions. However, in October 2013, Aaron's General Manager

Charles "Chris" Cooper, required Plaintiff to perform work that violated her medical restrictions.

19.

Plaintiff complained to Aaron's Regional Manager about Mr. Cooper violating her medical restrictions. In retaliation, Mr. Cooper changed Plaintiff's work schedule so that she would have to take a vacation or personal day in order to attend pre-scheduled medical appointments.

20.

Plaintiff complained to Aaron's Human Resources department about Mr. Cooper's retaliation. Mr. Cooper claimed that Plaintiff had not provided documentation of her medical restrictions. Therefore, on or about October 8, 2013, Plaintiff again provided documentation showing her doctor ordered the medical restrictions.

21.

In retaliation, Mr. Cooper took clients away from Plaintiff. He also told co-workers and customers that Plaintiff was "useless" and "handicapped", that she needed a wheelchair and a neck brace, and that all she could do was sit in a chair and make phone calls.

22.

On November 1, 2013, Plaintiff again complained to Aaron's Regional Manager about Mr. Cooper's retaliatory actions. Plaintiff asked whether she would have to file an EEOC charge to resolve the matter.

23.

That same day – November 1, 2013, – Defendant terminated Plaintiff's employment.

24.

Defendant told Plaintiff that the termination was due to a complaint from a long-time customer. However, in a later conversation with Plaintiff, that customer denied making any such complaint.

25.

Rosana Jones was terminated because of her disability, her medical leave and/or her complaints of discriminatory behavior.

26.

Although Aaron's purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## CLAIMS FOR RELIEF

## COUNT I:
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Plaintiff suffered from a disability that substantially limited her in major life activities, including but not limited to lifting and standing.  Plaintiff, therefore, suffered from a disability as defined under the ADA at 42 U.S.C. § 12102(1)(A).

29.

In the alternative, Defendant regarded Plaintiff as having such a disability, so that Plaintiff was still covered under the ADA pursuant to 42 U.S.C. § 12102(1)(C).

30.

At all relevant times, Plaintiff was capable, with or without reasonable accommodation, of performing the essential functions of her job.  Plaintiff was, therefore, a qualified individual with a disability under the ADA at 42 U.S.C. § 12111(8).

31.

Aaron's, Inc.'s actions in subjecting Rosana Jones to different terms and conditions of employment by, *inter alia*, terminating her constitute unlawful discrimination on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112(a).

32.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

33.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

34.

As a result of the above illegal actions, Plaintiff has incurred damages including lost pay and non-pecuniary losses, for which Defendant is liable.

## COUNT II: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

In complaining to management and Human Resources about Defendant's failure to abide by reasonable accommodations and about Defendant's retaliatory actions, Plaintiff engaged in protected opposition to illegal activity under the ADA.

37.

By taking the above-referenced adverse actions against Plaintiff – including but not limited to changing her schedule, taking away clients and terminating her – Defendant retaliated against Plaintiff for the aforementioned protected opposition, in violation of the ADA, 42 U.S.C. § 12203(a).

38.

As a result of the above illegal actions, Plaintiff has incurred damages including lost pay and non-pecuniary losses, for which Defendant is liable.

## COUNT III:
## CLAIM FOR RELIEF UNDER CIVIL RIGHTS ACT OF 1991

39.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

40.

Defendant Aaron's, Inc. discriminated against Plaintiff.  In failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, Defendant has not only deprived Plaintiff of equal

employment opportunities, but has exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

41.

Plaintiff thus seeks compensatory and punitive damages pursuant to section 102(a)(2) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(2).

## COUNT IV: FMLA INTERFERENCE

42.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

43.

Defendant was an 'employer' as defined by the FMLA.

44.

Plaintiff was an eligible employee under the FMLA.

45.

At all times relevant to this action, Plaintiff had not taken more than 12 weeks of FMLA-protected leave.

46.

Plaintiff was entitled under the FMLA to request and take leave because of her serious health condition, and to her position or an equivalent position upon return from leave.

47.

In taking the above actions, Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, entitling Plaintiff to all appropriate relief under the statute.

## COUNT V: FMLA RETALIATION

48.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

49.

In requesting and taking medical leave for her serious health condition, Plaintiff engaged in conduct protected under the FMLA.

50.

Defendant's conduct – including terminating Plaintiff's employment – constitutes unlawful retaliation against Plaintiff for her attempts to exercise her rights under the FMLA, in violation of 29 U.S.C. § 2615(a).

51.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, she has been damaged and is entitled to all appropriate relief under the FMLA.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant Aaron's, Inc. has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Aaron's, Inc. from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 12th day of May 2015.

           **BARRETT & FARAHANY, LLP**


           <u>s/ Amanda A. Farahany</u>
           Amanda A. Farahany
           Georgia Bar No. 646135
           Attorney for Rosana Jones

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@bf-llp.com